**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> HEYWIRE, INC. <br><br> Defendant. | § § § § § § § § § § § § § | Civil Action No. 2:16-cv-1313 <br><br><br> PATENT CASE <br><br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, HeyWire, Inc. ("HeyWire"), allege as follows:

## THE PARTIES

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg owns a number of patents in the field of text/voice instant messaging.

4. Upon information and belief, HeyWire, Inc. is a Delaware corporation having a principal place of business at 1 Canal Park, Suite 1130, Cambridge, MA 02141. HeyWire may

be served with process through its registered agent for service of process: Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, HeyWire is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

7. HeyWire is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 8,724,622)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,724,622 ("the '622 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 13, 2014. A true and correct copy of the '622 Patent is attached as Exhibit A hereto.

10. Uniloc USA is the exclusive licensee of the '622 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Upon information and belief, the following describes, at least in part, how HeyWire Business Messenger works:

12. Upon information and belief, the following describes, at least in part, how HeyWire Business Messenger works:



13. Upon information and belief, the following describes, at least in part, how HeyWire Business Messenger works:



14. Upon information and belief, the following describes, at least in part, how HeyWire Business Messenger works:



15. Upon information and belief, the following describes, at least in part, how HeyWire Business Messenger works:

4



16. Upon information and belief, the following describes, at least in part, how HeyWire Business Messenger works:



\

17.     Upon information and belief, the following describes, at least in part, how HeyWire Business Messenger works:

> **Voice Memo Texts**
>
> You can use HeyWire Business Messenger to record short voice messages and send them to your friends and co-workers
>
> Voice messages can be sent to both HeyWire Business Messenger and non-HeyWire Business Messenger numbers – if the end user has HeyWire Business Messenger they will see a player inline that they can use to hear the recording. If they do not have HeyWire Business Messenger your recording will arrive as a link that the recipient can open to listen to.
>
> **iOS and Android devices**
>
> On the chat screen tap and hold the microphone icon in the bottom right corner. HeyWire Business Messenger will record up to 30 seconds of audio as long as you continue to hold down the button.
>
> When you release the button your message will be sent.
>
> To cancel, slide your finger to the left without lifting it up… recording will stop and the message will be discarded without being sent.
>
> Additionally, you can quickly launch and record a Voice Text right from the messages screen by opening the Quick Launch bar and using the same method as above: hold to record, release to send, slide left to cancel.

18.     Upon information and belief, the following describes, at least in part, how HeyWire Business Messenger works:

> **Voice Memo Texts**
>
> How to send voice memo texts using Business Messenger on Android and IOS.
>
> ⓘ May 23, 2016 · Knowledge
>
> **DESCRIPTION**
>
> You can use HeyWire LiveText Messenger to record short voice messages and send them to your friends and co-workers Voice messages can be sent to both HeyWire LiveText Messenger and non-HeyWire LiveText Messenger numbers – if the end user has HeyWire LiveText Messenger they will see a player inline that they can use to hear the recording. If they do not have HeyWire LiveText Messenger your recording will arrive as a link that the recipient can open to listen to.
>
> **iOS and Android devices**
>
> On the chat screen tap and hold the microphone icon in the bottom right corner. HeyWire LiveText Messenger will record up to 30 seconds of audio as long as you continue to hold down the button. When you release the button your message will be sent. To cancel, slide your finger to the left without lifting it up… recording will stop and the message will be discarded without being sent. Additionally, you can quickly launch and record a Voice Text right from the messages screen by opening the Quick Launch bar and using the same method as above: hold to record, release to send, slide left to cancel.

19. Upon information and belief, the following describes, at least in part, how HeyWire Business Messenger works:

Supported Product(s)

| Products | Platform | Version(s) |
|---|---|---|
| All Services | Android Devices | 4.1 |
| All Services | iOS Devices | iOS 8+ |
| Business Messenger for Salesforce, Live Text Agent | Internet Explorer, Firefox, Chrome, Safari | 10 (upon release of IE12 /Edge in January 2016) |

Supported Product Offering Status

| Products | Platform | Offering Status |
|---|---|---|
| LiveText Agent (for Salesforce) | Service Cloud | Active |
| | Sales Cloud | Active |
| LiveText Agent (for Interactive Intelligence) | Interaction Center | Active |
| Business Messenger (for Salesforce) | Windows Desktop Client | Active |
| | MAC Client | Active |
| | iOS Client | Active |
| | Android Client | Active |
| Business Messenger | Web Client | End of Sustaining |
| | Windows Client | End of Sustaining |
| | MAC Client | End of Sustaining |

20. Upon information and belief, the following describes, at least in part, how HeyWire Business Messenger works:



21. Upon information and belief, the following describes, at least in part, how HeyWire Business Messenger works:



22. HeyWire has directly infringed, and continues to directly infringe one or more claims of the '622 Patent in this judicial district and elsewhere in Texas, including at least claims 3, 6-8, 10-19 and 38 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications for/on mobile and/or desktop devices during the pendency of the '622 Patent which software and associated HeyWire servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein digitized audio files are transmitted between a plurality of recipients on a packet switched network and a list of one or more currently potential recipients is displayed on the device.

23. In addition, should the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform systems be found to not literally infringe the asserted claims of the '622 Patent, the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform systems would nevertheless infringe the asserted claims of the '622 Patent.  More specifically, the accused systems perform substantially the same function (instant voice messaging), in substantially the same way (via a digitized audio files in a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients).  HeyWire would thus be liable for direct infringement under the doctrine of equivalents.

24. HeyWire may have infringed the '622 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

25. Uniloc has been damaged, reparably and irreparably, by HeyWire's infringement of the '622 Patent and such damage will continue unless and until HeyWire is enjoined.

**COUNT II**
(INFRINGEMENT OF U.S. PATENT NO. 8,995,433)

26. Uniloc incorporates paragraphs 1-25 above by reference.

27. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,995,433 ("the '433 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on March 31, 2015. A true and correct copy of the '433 Patent is attached as Exhibit B hereto.

28. Uniloc USA is the exclusive licensee of the '433 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

29. HeyWire has directly infringed, and continues to directly infringe one or more claims of the '433 Patent in this judicial district and elsewhere in Texas, including at least claims 1-5, 9-12, 14-16 and 25-26 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications for/on mobile and/or desktop devices during the pendency of the '433 Patent which software and associated HeyWire servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein a list of one or more potential recipients is displayed on the device, the instant messages are temporarily stored using a unique identifier, and a file manager stores, retrieves and/or deletes the messages in response to the users request.

30. In addition, should the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform systems be found to not literally infringe the asserted claims of the '433 Patent, the accused systems would nevertheless infringe the asserted claims of the '433 Patent.  More specifically, the accused systems perform substantially the same function (instant voice messaging), in substantially the same way (identifying potentially available recipients, storing messages using unique identifiers and a file manager for storing, retrieving and/or deleting the messages), to yield substantially the same result (delivering voice messages to available intended recipients and wherein the messages may be stored, retrieved and/or deleted).  HeyWire would thus be liable for direct infringement under the doctrine of equivalents.

31. HeyWire may have infringed the '433 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

32. Uniloc has been damaged, reparably and irreparably, by HeyWire's infringement of the '433 Patent and such damage will continue unless and until HeyWire is enjoined.

## COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 7,535,890)

33. Uniloc incorporates paragraphs 1-32 above by reference.

34. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,535,890 ("the '890 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 19, 2009.  A true and correct copy of the '890 Patent is attached as Exhibit C hereto.

35. Uniloc USA is the exclusive licensee of the '890 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

36. HeyWire has directly infringed, and continues to directly infringe one or more claims of the '890 Patent in this judicial district and elsewhere in Texas, including at least claims 1-6, 9, 14-15, 17-20, 23, 28-29, 31-34, 37, 40-43, 46, 51-54, 57, 62-65 and 68-69 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications for/on mobile and desktop devices during the pendency of the '890 Patent which software and associated HeyWire servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant messages are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

37. In addition, should the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform systems be found to not literally infringe the asserted claims of the '890 Patent, the accused systems would nevertheless infringe the asserted claims of the '890 Patent. More specifically, the accused HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform systems perform substantially the same function (instant voice messaging), in substantially the same way (via a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients). HeyWire would thus be liable for direct infringement under the doctrine of equivalents.

38. HeyWire has indirectly infringed and continues to indirectly infringe at least claims 1-6, 9, 14-15, 17-20, 23, 28-29, 31-34, 37, 40-43, 46, 51-54, 57, 62-65 and 68-69 of the '890 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications. HeyWire's customers who purchase the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications and operate such applications in accordance with HeyWire's instructions directly infringe one or more of the forgoing claims of the '890 Patent in violation of 35 U.S.C. § 271. HeyWire directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

  https://heywire.force.com/external/s/article/voicememo

  https://heywire.force.com/external/s/article/featurescontrol

  http://www.heywire.com/support

HeyWire is thereby liable for infringement of the '890 Patent under 35 U.S.C. § 271(b).

39. HeyWire has indirectly infringed and continues to indirectly infringe at least claims 1-6, 9, 14-15, 17-20, 23, 28-29, 31-34, 37, 40-43, 46, 51-54, 57, 62-65 and 68-69 of the '890 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same

to be especially made or especially adapted for use in infringing the '890 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

40. For example, the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications contain one or more component(s) of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the components of the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications are a material part of the claimed inventions and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. HeyWire is, therefore, liable for infringement under 35 U.S.C. § 271(c).

41. HeyWire will have been on notice of the '890 Patent since, at the latest, the service of this complaint upon HeyWire. By the time of trial, HeyWire will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-6, 9, 14-15, 17-20, 23, 28-29, 31-34, 37, 40-43, 46, 51-54, 57, 62-65 and 68-69 of the '890 Patent.

42. HeyWire may have infringed the '890 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

43. Uniloc has been damaged, reparably and irreparably, by HeyWire's infringement of the '890 Patent and such damage will continue unless and until HeyWire is enjoined.

## COUNT IV
(INFRINGEMENT OF U.S. PATENT NO. 8,199,747)

44. Uniloc incorporates paragraphs 1-43 above by reference.

45. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,199,747 ("the '747 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on June 12, 2012. A true and correct copy of the '747 Patent is attached as Exhibit D hereto.

46. Uniloc USA is the exclusive licensee of the '747 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

47. HeyWire has directly infringed, and continues to directly infringe one or more claims of the '747 Patent in this judicial district and elsewhere in Texas, including at least claims 1, 3, 12 and 14 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications for/on mobile and/or desktop devices during the pendency of the '747 Patent which software and associated HeyWire servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant message audio file is generated and one or more files attached thereto and transmitting the files to available recipients and temporarily storing the message if an intended recipient is unavailable and thereafter delivered once the intend recipient becomes available.

48. In addition, should the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform systems be found to not literally infringe the asserted claims of the '747 Patent, the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform systems would nevertheless infringe the asserted claims of the '747 Patent. More specifically, the accused systems perform substantially the same function

(instant voice messaging), in substantially the same way (recording and transmitting a message to be audibly played by one or more recipients and temporarily storing messages for a recipient who is unavailable), to yield substantially the same result (delivering voice messages with attached file(s) to available intended recipients). HeyWire would thus be liable for direct infringement under the doctrine of equivalents.

49. HeyWire has indirectly infringed and continues to indirectly infringe at least claims 1, 3, 12 and 14 of the '747 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications. HeyWire's customers who purchase the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications and operate such applications in accordance with HeyWire's instructions directly infringe one or more of the forgoing claims of the '747 Patent in violation of 35 U.S.C. § 271. HeyWire directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

    https://heywire.force.com/external/s/article/voicememo

    https://heywire.force.com/external/s/article/featurescontrol

    http://www.heywire.com/support

HeyWire is thereby liable for infringement of the '747 Patent under 35 U.S.C. § 271(b).

50. HeyWire has indirectly infringed and continues to indirectly infringe at least claims 1, 3, 12 and 14 of the '747 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the HeyWire Business Messenger, Business Messenger for

Salesforce and Mobile Messaging Platform applications, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '747 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

51. For example, the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications contain one or more component(s) of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the one or more component(s) of the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications are a material part of the claimed inventions and upon information and belief are not staple articles or commodity of commerce suitable for substantial non-infringing use. HeyWire is, therefore, liable for infringement under 35 U.S.C. § 271(c).

52. HeyWire will have been on notice of the '747 Patent since, at the latest, the service of this complaint upon HeyWire. By the time of trial, HeyWire will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1, 3, 12 and 14 of the '747 Patent.

53. HeyWire may have infringed the '747 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the HeyWire Business Messenger, Business Messenger for Salesforce and Mobile Messaging Platform applications. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

54. Uniloc has been damaged, reparably and irreparably, by HeyWire's infringement of the '747 Patent and such damage will continue unless and until HeyWire is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against HeyWire as follows:

(A) that HeyWire has infringed the '622 Patent, '890 Patent, '747 Patent and the '433 Patent;

(B) awarding Uniloc its damages suffered as a result of HeyWire's infringement of the '622 Patent, '890 Patent, '747 Patent and the '433 Patent pursuant to 35 U.S.C. § 284;

(C) enjoining HeyWire, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '622 Patent, '890 Patent, '747 Patent and the '433 Patent pursuant to 35 U.S.C. § 283;

(D) awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E) granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: November 28, 2016

Respectfully submitted,

*/s/ Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com

Paul J. Hayes
Kevin Gannon
**CESARI AND MCKENNA, LLP**
88 Black Falcon Ave
Suite 271
Boston, MA 02110
Telephone: (617) 951-2500
Facsimile: (617) 951-3927
Email: pjh@c-m.com
Email: ktg@c-m.com

**ATTORNEYS FOR THE PLAINTIFFS**